IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEREMIAH ULYSSES JONES, | CASE NO. 4:25-cv-1446 |
| Petitioner, | DISTRICT JUDGE |
| | JEFFREY J. HELMICK |
| vs. | |
| | MAGISTRATE JUDGE |
| WARDEN CYNTHIA DAVIS, | JAMES E. GRIMES JR. |
| Respondent. | |
| | **REPORT &** |
| | **RECOMMENDATION** |

Jeremiah Ulysses Jones filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. Doc. 1. Jones is currently in custody at the Southern Ohio Correctional Institution serving an 18-year aggregate sentence of imprisonment imposed by the Trumball County Court of Common Pleas in case numbers 2017-CR-00790, 2018-CR-00575, and 2018-CR-00625. *See State v. Jones*, 2024-Ohio-898, 2024 WL 1050078, at *2 (Ohio Ct. App. 2024). This petition concerns only the sentence imposed in case number 2018-CR-00625. *See* Doc. 1, at 1. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Court dismiss Jones's petition.

**Procedural background**

The relevant background as to Jones's guilty plea and conviction was set out by Ohio's Eleventh District Court of Appeals:

{¶2} On August 27, 2018, the Trumbull County Grand Jury indicted appellant, charging him with two counts of aggravated robbery, first-degree felonies, in violation of R.C. 2911.01(A)(1) and (C) and R.C. 2911.01(A)(3) and (C), Counts One and Two respectively, with accompanying firearm specifications pursuant to R.C. 2941.145.1

{¶3} Appellant entered not guilty pleas at arraignment on September 4, 2018. The $150,000 cash or surety bond set by the municipal court was continued. On September 19, 2018, appellant filed a motion to determine competency. The trial court scheduled a competency hearing for October 24, 2018. After several continuances, the matter was set on November 21, 2018. On November 29, 2018, the trial court granted appellant's request for an independent evaluation and appointed Ronald Yendrek, D.O. ("Dr. Yendrek").

{¶4} The competency hearing was ultimately held on January 16, 2019, with the State, appellant, and defense counsel present. The competency reports of Dr. Thomas Gazley, Ph.D. and Dr. Yendrek, D.O. were submitted as Joint Exhibits 1 and 2, respectively. After the hearing, on January 25, 2019, the trial court concluded: "based on the competency reports and the stipulations made, the Court finds by a preponderance of the evidence, that the Defendant is capable of understanding the nature and objections of the proceedings against him and of assisting in his own defense."

{¶5} On April 19, 2019, newly retained defense counsel filed his notice of appearance. On June 17, 2019, appellant appeared with counsel, waived his rights, and entered guilty pleas to the charges contained in the indictment.

{¶6} The State stipulated that the two counts of aggravated robbery merged for purposes of sentencing and elected to proceed on Count Two, aggravated robbery, a first-degree felony, in violation of R.C. 2911.01(A)(3) and (C). The State

and appellant agreed to a jointly recommended prison sentence of three years on Count Two, to be served consecutively to a three-year prison term on the firearm specification, for an aggregate prison term of six years. The parties further agreed that the six-year prison term imposed in this case would be served consecutively to the sentences imposed in Trumbull County Court of Common Pleas Case Nos. 2017 CR 00790 and 2018 CR 00575, for a total prison term of 18 years. Appellant waived a presentence investigation.

{¶7} The trial court proceeded directly to sentencing and sentenced appellant to the jointly recommended prison sentence of three years on Count Two, to be served consecutively to a three-year prison term on the firearm specification, for an aggregate prison term of six years. The sentencing entry did not mention the sentences imposed in the unrelated cases. The appellant did not file a direct appeal.

*Jones*, 2024 WL 1050078, at *1.

In June 2023, nearly six years after the trial court imposed sentence, Jones filed a motion to withdraw his guilty plea. Doc. 10-1, at 22–25. The trial court denied the motion in a one-sentence order issued on June 12, 2023. *Id*. at 48.

Jones filed an appeal with the court of appeals. *Id*. at 49. In his supporting brief, Jones raised one assignment of error: "[t]he trial court erred in denying appellant's motion to withdraw his guilty pleas as a manifest injustice has occurred." *Id*. at 53–58. On March 11, 2025, the court of appeals rejected Jones's argument and affirmed:

{¶9} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court

3

after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. The Supreme Court of Ohio has defined "manifest injustice" as "a clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998).

{¶10} It is well-established that a post-sentence withdrawal "is allowable only in extraordinary cases." *Smith* at 264. Motions made pursuant to Crim.R.32.1 are "addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.* at paragraph two of the syllabus.

{¶11} As this court has held, " 'a trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.' " *State v. Caskey*, 11th Dist. Lake No. 2010-L-014, 2010-Ohio-4697, ¶ 11, quoting *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, 884 N.E.2d 607, ¶ 6 (8th Dist.). *See also State v. Pena*, 11th Dist. Trumbull No. 2022-T-0103, 2023-Ohio-2354, ¶ 23.

{¶12} Appellant argues that his guilty pleas were not knowingly, intelligently, and voluntarily made because he was not advised that he could appeal the trial court's decision on competency. Appellant asserts he should be permitted to withdraw his pleas. We disagree.

{¶13} As noted above, this court reviews a trial court's decision under an abuse of discretion standard. *Smith*, 49 Ohio St.2d at paragraph two of the syllabus. Likewise, a trial court's decision

4

finding that a defendant is competent to stand trial is also reviewed for an abuse of discretion. "[T]he Supreme Court of Ohio has long held that a trial court does not abuse its discretion in finding a defendant competent where its findings of competency are supported by some reliable, credible evidence." *State v. Spurrier*, 11th Dist. Lake No. 2020-L-069, 2021-Ohio-1061, ¶ 42, citing *State v. Vrabel*, 99 Ohio St.3d 184, 2003-Ohio-3193, 790 N.E.2d 303, ¶ 33. " 'An appellate court will affirm a trial court's finding of competency when the record contains some competent, credible evidence supporting such a finding.' " *State v. Spencer*, 11th Dist. Trumbull No. 2017-T-0117, 2018-Ohio-4276, ¶ 35, quoting *State v. Clemmons*, 11th Dist. Trumbull No. 95-T-5305, 1996 WL 760933, *3 (Dec. 20, 1996).

{¶14} An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.2004). This court has also noted that, in relation to competence findings, "''deference on these issues should be given to those 'who see and hear what goes on in the court room.'''" *State v. Peters*, 11th Dist. Trumbull No. 2022-T-0106, 2023-Ohio-2028, ¶ 20, appeal not accepted, 171 Ohio St.3d 1506, 2023-Ohio-3968, 220 N.E.3d 836, quoting *Spurrier* at ¶ 42, quoting *Vrabel* at ¶ 33.

{¶15} While certified copies of the transcripts of proceedings have not been filed in this court, appellant attached the transcripts from the competency hearing and the plea and sentencing hearing to his motion to withdraw his guilty pleas. The transcripts from the competency hearing illustrate that a hearing was held and that both reports from the evaluations, admitted as joint exhibits, indicated that appellant was competent to stand trial. Defense counsel stipulated to the findings in both reports. As such, there is competent credible evidence supporting the trial court's

> decision finding that appellant was competent to stand trial.
>
> {¶16} Further, at the plea hearing, the court advised appellant of his limited appellate rights and informed him of his ability to appeal, to receive appointed counsel, and to obtain transcripts at the State's expense. The foregoing provisions are also contained in the written plea signed and acknowledged by appellant. Appellant cites no authority that requires the trial court or counsel to inform a criminal defendant during a guilty plea of the specific items he may be entitled to appeal in order for the plea to be knowingly, voluntarily, and intelligently given.
>
> {¶17} Moreover, appellant has failed to argue that had he known of his ability to assign error to the competency determination, he would not have entered a plea. Instead, he suggests that had he known of this ability, he would have appealed. Such a claim does not amount to a manifest injustice warranting withdrawal of his pleas. Thus, the trial court did not abuse its discretion when it denied appellant's post-sentence motion to withdraw his guilty pleas.

*Jones*, 2024 WL 1050078, at \*2–3 (footnote omitted).

Jones filed a notice of appeal with the Ohio Supreme Court. Doc. 10-1, at 80–81. In his memorandum in support of jurisdiction, Jones raised one proposition of law:

> A manifest injustice occurs where the record reveals that a criminal defendant that is not competent to do so is permitted to enter a guilty plea to a felony and this issue should be reviewed under a "weight of the evidence" standard of review.

*Id.* at 82–89. On July 9, 2024, the Ohio Supreme Court declined under Rule 7.08(B)(4) of its rules of practice to accept jurisdiction. *Id.* at 105.

*Federal habeas petition*

On July 8, 2025, Jones's counsel filed on Jones's behalf a federal habeas corpus petition under 28 U.S.C. § 2254. Doc. 1. The petition raises one ground for relief:

> GROUND ONE: Petitioner did make a knowing and voluntary plea since he was not competent to do so.

Doc. 1, at 5. Rather than reciting any supporting facts, counsel refers the reader to an attached "Exhibit A," which consists of (1) a verbatim excerpt from a portion of Jones's statement of the case in the brief that he filed with the Ohio court of appeals, and (2) a "competency evaluation."[1] *Compare* Doc. 1, at 16–17, *with* Doc. 10-1, at 54–55. The Warden filed a return, Doc. 10, but Jones did not file a traverse.

**Law and Analysis**

*Jones's Petition is time-barred*

In his return, the Warden argues that Jones's petition is untimely. Doc. 7, at 5–6. The Warden is correct.

---

[1] The evaluation is dated October 3, 2018, addressed to Jones's trial judge, and signed by Thomas G. Gazley, Ph.D. Doc. 1, at 18, 30. It contains a handwritten notation "Joint Ex. 1," together with the date "1-16-19" and the initials KJW. January 16, 2019, was the date that the trial court held a hearing on Jones's competence to stand trial. *See* Doc. 10-1, at 11. According to the court of appeals, "[t]he competency reports of Dr. Thomas Gazley, Ph.D. and Dr. Yendrek, D.O. were submitted [to the trial court] as Joint Exhibits 1 and 2, respectively." *Jones*, 2024 WL 1050078, at *1. It thus appears that the evaluation is one of the two evaluations performed in relation to Jones's competency, as described by the court of appeals. *See id.* The evaluation, however, is not contained in the record and Jones has not moved the Court to expand the record to include it.

7

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214, provides a one-year limitations period in a habeas action brought by a person in custody from a state court judgment. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of—

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under subparagraph (A), a judgment becomes final at the "conclusion of direct review or [on] the expiration of the time for seeking such review." The trial court entered its judgment on June 17, 2019. *See* Doc. 10-1, at 19–21. From there, Jones had 30 days—until July 16, 2019—to file an appeal with the Ohio court of appeals. *See* Ohio App. R. 4(A)(1). But Jones did not file an appeal with that court. So, unless an exception applies, his conviction became final on July 17, 2019. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *see also*

8

*Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (the statute of limitations begins running the day after the event or default). Jones thus had until July 17, 2020, to file his habeas petition.

As noted, however, Jones filed his habeas petition on July 8, 2025, several years too late. Unless Jones's time to file his petition was tolled, therefore, his petition is untimely.

To be sure, there is no apparent basis that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) could apply. For starters, Jones doesn't claim that these provisions might apply—he doesn't mention them in his petition and he didn't file a traverse. He hasn't claimed that there was an impediment that prevented him from filing his petition and he does not rely on a newly recognized constitutional right. So subparagraphs (B) and (C) do not apply.

This leaves Section 2244(d)(1)(D). Jones's petition concerns whether he was competent to enter his plea. Doc. 1, at 5. The trial court found that he was and entered an order to that effect in January 2019. Doc. 10-1, at 11. Having found Jones competent, the trial court accepted his guilty plea and imposed sentence in June 2019. *Id*. at 12–21. So "the date on which the factual predicate of [Jones's] claim … could have been discovered through the exercise of due diligence" was in, at the latest, June 2019. Even if Jones had attempted to rely on subparagraph (D), which he hasn't, it would not render his petition timely.

In his petition, however, Jones asserts "One year did not start to run until 1 year after exhaustion of sta[t]e remedies regarding Motion to Withdraw

guilty plea." Doc. 1, at 13. Jones is mistaken. *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 608–09 (6th Cir. 2013). In this regard, the pendency of a "properly filed" post-conviction application can toll the one-year statute of limitation. *See* 28 U.S.C. § 2244(d)(2); *Bronaugh*, 235 F.3d at 282–83. But the statutory tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). And this matters here because although Jones filed, and Ohio's courts considered, Jones's motion to withdraw his guilty plea, Doc. 10-1, at 22–48, 73–78, 105, he filed that motion well after the date in July 2020 when his filing period expired. Jones therefore cannot rely on statutory tolling to render his petition timely. *See Eberle*, 532 F. App'x at 608–09; *Goodballet v. Mack*, 266 F. Supp. 2d 702, 707 (N.D. Ohio 2003) (concluding that "the filing of a motion to withdraw a guilty plea only tolls the limitations period and does not reset it" and that the filing "also does not affect the final conviction date for purposes of federal habeas petitions"); *see also Ru Liu v. Kelly*, No. 11-cv-2027, 2012 WL 3112401, at *6 (N.D. Ohio July 11, 2012) (citing cases), *report and recommendation adopted*, 2012 WL 3112397 (N.D. Ohio July 31, 2012).

The Warden argues that Jones is not entitled to equitable tolling. Doc. 10, at 8. It is true that habeas petitioners may be entitled to "equitable tolling"

if they have been "'pursuing [their] rights diligently'" and "'some extraordinary circumstance'" prevented them from timely filing their habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). But it's the habeas petitioner's burden to show "that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). And here, Jones hasn't tried to show that he should benefit from equitable tolling. So the Warden is correct that Jones is not entitled to equitable tolling.

Given the above, Jones's petition is untimely.

Further, even putting the above aside, by recycling the statement that he presented to the Ohio court of appeals, Jones says that he is actually innocent, was "not properly represented by counsel," and he "was … not properly advised of his constitutional rights and … did not knowingly and intentionally waive his constitutional rights" before pleading guilty. Doc. 1, at 16. Jones also suggests that although two evaluators found him competent and the parties stipulated to the trial court that he was competent, "a variety of troubling factual findings were made in the process of" the first "evaluation." *Id.* at 16–17.

Taking these assertions in turn, there is no stand-alone actual innocence claim in federal habeas. *See Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007) (stand-alone actual-innocence claims are not cognizable in habeas). Further, to the extent that Jones is claiming that he suffered a fundamental miscarriage

11

of justice such that his is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray v. Carrier*, 477 U.S. 478, 496 (1986), he must provide "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *see Schlup v. Delo*, 513 U.S. 298, 324 (1995). But Jones has not pointed to any new evidence. His conclusory assertion of innocence thus fails.

Similarly, beyond stating it, Jones hasn't developed any argument that he "was … not properly advised of his constitutional rights and … did not knowingly and intentionally waive his constitutional rights" before pleading guilty. Doc. 1, at 16. These arguments are therefore forfeited. *See Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022).

This leaves the opinion—apparently offered by Jones's counsel—that there were "a variety of troubling factual findings were made in the process of" Jones's first competency evaluation. Doc. 1, at 16. It is less than clear what counsel hopes to achieve by offering his opinion about Jones's competency evaluation. The trial court found Jones competent after receiving two evaluations and the parties' joint stipulation that Jones was competent. Doc. 10-1, at 11–18. And the trial court and the court of appeals considered Jones's competency argument in the context of his motion to withdraw his plea. *See id.* at 48, 73–78.

Further, Jones offers no argument to support the idea that Ohio's courts erred in adjudicating his motion to withdraw his plea. Indeed, Jones ignores the court of appeals' decision. And this matters because before this Court could grant his petition, *Jones* has to show that the court of appeals' decision was contrary to or involved an unreasonable application of relevant Supreme Court precedent or that it involved an "unreasonable application of the facts." 28 U.S.C. § 2254(d)(1), (2); *see Tibbetts v. Bradshaw*, 633 F.3d 436, 442 (6th Cir. 2011) (stating that Section 2254(d) imposes "a heavy burden for a petitioner to overcome"); *see also Blackmon v. Booker*, 696 F.3d 536, 557 (6th Cir. 2012) (chiding a district court for "ignor[ing] the myriad of limitations that § 2254(d)(1) imposed on its review"). But Jones says nothing about these matters. There is therefore no basis to conclude that Jones could clear the thresholds in Section 2254(d), even if his petition were timely.

The Court should therefore dismiss Jones's petition.

**Conclusion**

For the reasons set out above, I recommend that the Court dismiss Jones's Petition.

> */s/James E. Grimes Jr.*
> James E. Grimes Jr.
> U.S. Magistrate Judge

Dated: May 8, 2026

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).